IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SONDRA CORRALES,

        Petitioner,

vs.                                                                                  No. CV 18-0771 KG/GJF

EBETH CRUZ-MARTINEZ and
MARIANNA VIGIL,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** having come before the Court on the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Sondra Corrales (Doc. 1). The Court will dismiss the Petition under Rule 4 of the Rules Governing Section 2254 Proceedings on the grounds that Petitioner Corrales is not entitled to § 2254 relief.

    **1.**    **Factual and Procedural Background**

Petitioner Sondra Corrales is a prisoner in state custody proceeding pro se under 28 U.S.C. § 2254. The Court has reviewed the official record in Corrales's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA). The Court takes judicial notice of the official New Mexico court records in Petitioner's criminal case, State of New Mexico, County of Otero, 12th Judicial District case no. D-1215-CR-2015-00066. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (The court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416

1

(10th Cir. 2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

In her Petition, Corrales challenges her conviction and sentence in case No. D-1215-CR-2015-00066. (Doc. 1 at 1). Her Petition alleges that she was convicted of 3 counts of fraudulent use of a credit card, conspiracy to commit fraudulent use of a credit card, and resisting, evading, or obstructing an officer. (Doc. 1 at 1). However, the official record in case No. D-1215-CR-2015-00066 indicates that she was charged with 2 counts of trafficking a controlled substance (narcotics or methamphetamine) and convicted under a Plea and Disposition Agreement.[1] She was sentenced to a 10-year suspended sentence and placed on probation. Judgment was entered on the conviction and sentence on March 21, 2016.

The State of New Mexico filed a petition to revoke probation on February 28, 2017, and an amended petition to revoke probation on March 16, 2017, after Petitioner Corrales tested positive for methamphetamines and amphetamines on at least three occasions. Corrales pled no contest to the charges and an order revoking her probation was entered on April 13, 2017. The order revoking her probation ordered her to serve out the original 10-year sentence, with credit for 638 days of incarceration and probation time served. Corrales filed a motion asking for reconsideration on June 6, 2017. Her motion raised five grounds for reconsideration. The state court denied her motion for reconsideration on June 23, 2017. (Doc. 1 at 2).

Corrales filed a petition for writ of habeas corpus in state court on March 27, 2018. In her petition, she raised ten claims for relief, including ineffective assistance of counsel, conflict

---

[1] Ms. Corrales's conviction for fraudulent use of a credit card, conspiracy, and obstruction was in State of New Mexico cause No. D-1215-CR-2014-00252. Additional State of New Mexico criminal cases against Ms. Corrales include case Nos. D-1215-CR-2014-00252 and D-202-CR-2012-03124.

of interest, failure to reinstate on probation, and denial of right to a fair trial. The state court summarily dismissed her habeas corpus petition on March 28, 2018. The state court dismissed the petition on the grounds that "Petitioner failed to provide any specific facts to support her contentions. Thus, there is no factual support for her claims." (Procedural Order on Petition for Writ of Habeas Corpus, March 28, 2018).

Corrales filed her § 2254 Petition in this Court on August 28, 2018. (Doc. 1). Her Petition raises four claims for relief:

> "Ground One: Ineffective Assistance of Counsel. Mr. Mario Torrez failed to make appointments and keep them. I did not meet with Mr. Torrez before any court appearance. Mr. Torrez did not defend me to the best of his legal ability. He did not attempt to get the best decision from the court." (Doc. 1 at 5);
>
> "Ground Two: Conflict of Interest. My co-defendant was sentenced by the same Judge who was definitely not in favor of my co-defendant Rodney County. When the DA brought up my co-defendant, he was bias." (Doc. 1 at 7);
>
> "Ground Three: Reinstatement on Probation. Probation Officer McMonroy and Supervisor Peter Sanders both recommended that I be reinstated on probation. Judge disregarded all that probation and parole recommended." (Doc. 1 at 8);
>
> "Ground Four: Right to a Fair Trial. I was denied a right to a fair trial based on the fact that my co-defendant had a big impact on my sentencing based on his crimes and the amount of time he received." (Doc. 1 at 10).

## 2. The Standard for § 2254 Habeas Corpus Review

Petitioner Corrales seeks federal habeas corpus relief. (Doc. 1). A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

3

28 U.S.C. § 2254(a). As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers,* 584 U.S. ___, 138 S.Ct. 1188, 1192 (2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. *Harrington v. Richter,* 562 U.S. 86, 101 (2011); *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002) (per curiam). The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." *Williams*, 529

4

U.S. at 405-06. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams,* 529 U.S. at 407-08. A District Court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state-court decision applied clearly established federal law erroneously or incorrectly--the application must also be unreasonable. *Id.* at 411; *Harrington*, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington,* 562 U.S. at 102.

Habeas corpus relief is only available where the petitioner contends his custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The federal courts cannot grant habeas relief for errors of state law. *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). If the state court did not follow its own rules, this error will not give rise to habeas relief unless failure to follow the rules also constituted a violation of due process guaranteed by the federal constitution. *See Hicks v. Oklahoma,* 447 U.S. 343, 346 (1980); *Aycox v. Lytle,* 196 F.3d 1174, 1180 (10th Cir.1999).

Petitions for a writ of habeas corpus by a person in state custody under the AEDPA are governed by a one-year statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The 1-year AEDPA statute of limitations for filing a § 2254 petition runs from the time the conviction becomes final and is subject to statutory tolling. *See* 28 U.S.C. § 2244(d). This one-year statute of limitations is tolled while "a properly filed application for [s]tate post-conviction" relief is "pending." *See id.* § 2244(d)(2). Until a state habeas petition "has achieved final resolution through the state's post-conviction procedures, by definition it remains 'pending.'" *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also Holland v. Florida*, 560 U.S. 631, 635, 638 (2010).

To determine the point at which a petitioner's state habeas proceedings become complete, the Court looks to the state's procedural rules. *See Wade v. Battle*, 379 F.3d 1254, 1260–62 (11th

6

Cir. 2004). The 1-year statute of limitations clock begins to run again when the proceedings on the state habeas corpus petition are finally concluded. *Holland*, 560 U.S. at 638 (state habeas corpus proceedings were concluded and statute of limitations clock began to tick when the State Supreme Court issued its mandate). A § 2254 petition filed after the 1-year period has expired is time-barred. 28 U.S.C. § 2244(d). Dismissal of a § 2254 habeas corpus petition on the grounds that it is time-barred properly proceeds under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Aguilera v. Kirkpatrick,* 241 F.3d 1286, 1290 (10th Cir. 2001).

The 1-year statute of limitations may be subject to equitable tolling. Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

### 3. Analysis of Petitioner Corrales's Claims

It is unclear from the Petition whether Corrales is challenging her original conviction and sentence in D-1215-CR-2015-00066, the revocation of her probation, or both. To the extent Corrales challenges her original conviction and sentence, those claims are barred by the 1-year statute of limitations under the AEDPA. As for any claims related to the revocation of her probation, she is not entitled to § 2254 relief on those claims. Therefore, the Court will dismiss the § 2254 Petition filed by Petitioner Corrales.

**A. Statute of Limitations—Original Conviction:** Petitioner's first, second, and fourth issues appear to be directed to her original conviction. To the extent Corrales challenges her original conviction and sentence in D-1215-CR-2015-00066, her claims are barred by the 1-year statute of limitations. The Judgment on Petitioner's conviction and sentence became final on April 20, 2016, when the time for Corrales to seek direct appellate review expired. 28 U.S.C. § 2244(d)(2). It is not clear that Petitioner's post-conviction motion for reconsideration constituted a tolling motion for purposes of the statute of limitations. However, even if it was a tolling motion, it was not filed until June 6, 2017, more than one year after the Judgment became final. Therefore, the 1-year statute of limitations governing § 2254 proceedings had already expired when the motion for reconsideration was filed.

While her state habeas corpus petition would clearly toll the running of the statute of limitations, it was filed after the 1-year limitation period had expired. *See Carey*, 536 U.S. at 219–20. Corrales waited almost two years after the Judgment became final before filing the state petition on March 27, 2018. Therefore, the filing of her state habeas corpus petition was too late to toll the running of the 1-year statute of limitations and any claims challenging Petitioner's original conviction and sentence are barred by the AEDPA statute of limitations. 28 U.S.C. § 2244(d). Petitioner's first, second, and fourth claims are untimely and Petitioner is therefore not entitled to § 2254 relief on those claims.[2]

**B. Revocation and State Habeas Corpus Ruling:** For her third issue, Corrales contends that probation officers recommended that her probation be reinstated and that the Judge

---

[2] Even if Petitioner's claims were not untimely, the allegations of the Petition are also too vague and conclusory to show that her conviction and sentence are in violation of the Constitution, and she would still be ineligible for § 2254 relief. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

ignored their recommendation. (Doc. 1 at 8). To the extent Corrales challenges the revocation of her probation, she is not entitled to § 2254 relief on that claim.

In her state habeas corpus petition, Corrales raised the identical issue, contending that Probation Officer McMonroy and Supervisor Peter Sanders both recommended that I be reinstated on probation. Judge disregarded all that probation and parole recommended." (March 27, 2018, Petition for Writ of Habeas Corpus, Issue 3). The state district court summarily dismissed the petition on the grounds that Petitioner Corrales was not entitled to habeas corpus relief as a matter of law. (March 28, 2018, Procedural Order on Petition for Writ of Habeas Corpus). The state court concluded that "Petitioner failed to provide any specific facts to support her contentions. Thus, there is no factual support for her claims." (March 28, 2018, Procedural Order on Petition for Writ of Habeas Corpus).

As the state district court noted, Petitioner's allegations in both her state petition and her § 2254 Petition are conclusory and vague. Corrales provides no detail as to when the alleged recommendations were made, the circumstances and bases of the recommendations, how the state judge disregarded the recommendations, and how the disregard of those recommendations constituted a violation of constitutional rights. The state court's conclusions are not inconsistent with or contrary to federal law. Both the U.S. Supreme Court and the Tenth Circuit have repeatedly held that conclusory allegations are insufficient to warrant habeas relief. *See e.g., Harrington,* 562 U.S. at 112; *Johnson v. Raemisch*, 779 F. App'x 507, 515–16 (10th Cir. 2019) (vague, speculative, and conclusory allegations will not satisfy an applicant's burden) (citing *Stafford v. Saffle*, 34 F.3d 1557, 1564 (10th Cir. 1994)); *Kidwell v. Martin*, 480 F. App'x 929, 934 (10th Cir. 2012); *Quintana v. Mulheron*, 788 F. App'x 604, 609 (10th Cir. 2019).

Petitioner's claim was insufficient because Petitioner made conclusory allegations with no supporting facts or evidence. *See Hall,* 935 F.2d at 1110; *see also Ruark v. Gunter,* 958 F.2d 318, 319 (10th Cir. 1992). Corrales failed to provide any showing that the trial court's failure to follow a probation officer's recommendation rendered her probation revocation so fundamentally unfair that a denial of federal constitutional rights resulted. *See Gilson v. Sirmons,* 520 F.3d 1196, 1242 (10th Cir. 2008). The state court's decision was consistent with federal precedent. Corrales has not demonstrated anything in the state court's decision that is inconsistent with or an unreasonable application of federal law or that any state court error resulted in a violation of Petitioner's constitutional rights. *Cullen,* 563 U.S. at 181. Therefore, Corrales is not eligible for federal habeas corpus relief on her probation revocation claim and the Court will dismiss her Petition for § 2254 relief. 28 U.S.C. § 2254(d)(1) and (2).

### 4. Denial of a Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must grant or deny a certificate of appealability when it enters a final order adverse to the Petitioner. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Under Rule 11 of the Rules Governing Section 2254 Cases, the Court concludes that Petitioner has failed to make a substantial showing of denial of a constitutional right and the Court will deny a certificate of appealability.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 By a Prisoner in State Custody filed by Petitioner, Sondra Corrales (Doc. 1) is **DISMISSED** with prejudice and a certificate of appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE